UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant LUIS A. AGUILAR
 United States Army, Appellant

 ARMY 20021439

 1st Cavalry Division
 Debra L. Boudreau, Military Judge
 Lieutenant Colonel Kevan F. Jacobson, Staff Judge Advocate

For Appellant: Colonel Mark Cremin, JA; Lieutenant Colonel Mark
Tellitocci, JA; Major Allyson Lambert, JA; Captain Amy S. Fitzgibbons, JA
(on brief).

For Appellee: Lieutenant Colonel Theresa A. Gallagher, JA; Lieutenant
Colonel Randy V. Cargill, JA, USAR (on brief).

 22 April 2008

 -------------------------------------------------
 SUMMARY DISPOSITION ON REMAND
 -------------------------------------------------

Per curiam:

 The Court of Appeals for the Armed Forces set aside our decision in
United States v. Aguilar, ARMY 20021439 (Army Ct. Crim. App. 10 April 2007)
(unpub.), and returned the record for further consideration in light of
United States v. Harcrow, 66 M.J. 154 (C.A.A.F. 2008) and United States v.
Gardinier, 65 M.J. 60 (C.A.A.F. 2007). See United States v. Aguilar,
M.J. (C.A.A.F. March 18, 2008). We accept the government concession
that, under the circumstances in this case, the military judge abused her
discretion in permitting Ms. Joy Travis, the sexual assault nurse examiner
(SANE), to testify concerning statements CA, appellant’s sixteen-year-old
daughter, made to her after an allegation of sexual abuse arose.[1]
 As the erroneous admission of CA’s statements to Ms. Travis was of
constitutional magnitude, we review the record de novo to determine whether
the error was harmless beyond a reasonable doubt. United States v. Othuru,
65 M.J. 375, 377 (C.A.A.F. 2007). In determining whether the error was
harmless, we consider all the circumstances of appellant's trial. United
States v. Hall, 58 M.J. 90, 94 (C.A.A.F. 2003) (citing Delaware v. Van
Arsdall, 475 U.S. 673, 684 (1986)).

 Whether such an error is harmless in a particular case depends
 upon a host of factors, all readily accessible to reviewing
 courts. These factors include the importance of the witness’
 testimony in the prosecution’s case, whether the testimony was
 cumulative, the presence or absence of evidence corroborating or
 contradicting the testimony of the witness on material points,
 the extent of cross-examination otherwise permitted, and, of
 course, the overall strength of the prosecution’s case.

United States v. Williams, 40 M.J. 216, 218-19 (C.M.A. 1994) (citing Van
Arsdall, 475 U.S. at 684).

 Applying the factors set forth in Van Arsdall, we find beyond a
reasonable doubt that the military judge — or any reasonable trier of fact
— would have concluded appellant committed incest with his daughter. In
addition, disregarding the evidence improperly admitted, we are convinced
of appellant’s guilt beyond a reasonable doubt pursuant to Article 66,
UCMJ. See United States v. Turner, 25 M.J. 324, 324-25 (C.M.A. 1987).

 Foremost, we find Ms. Travis’s inadmissible hearsay testimony to be of
little “importance . . . in the prosecution’s case.” Van Arsdall, 475 U.S.
at 684.[2] At trial, Ms. Travis testified she took vaginal swabs from an
initially distraught and tearful CA immediately after the reported sexual
abuse. Another government expert witness, Mr. Delmar Price, testified
those swabs contained semen which, when subjected to Deoxyribonucleic Acid
(DNA) analysis, indicated a genetic match to appellant. Thereafter, an
expert in statistical genetics, Dr. Christopher Basten, testified that
frequency of that genetic match in the population is one in twenty-one
quadrillion (i.e., “a 21 followed by 15 zeroes”). He also stated it was
forty-one billion times more likely the samples demonstrated a pairing of
CA and appellant, rather than CA and an unknown individual. See United
States v. Allison, 63 M.J. 365 (C.A.A.F 2006) (DNA evidence and statistical
analysis of serological findings are admissible at a court-martial). Of
equal importance, the DNA profiles of only two individuals were obtained
from the vaginal swabs, the semen DNA and the victim’s DNA.

 Additionally, the inadmissible portion of Ms. Travis’s “testimony was
cumulative” with other evidence properly admitted at trial. Van Arsdall,
475 U.S. at 684. During the defense case, MA, who is appellant’s wife and
CA’s mother, largely duplicated Ms. Travis’s testimony on CA’s report of
sexual assault and the identification of her father as the perpetrator. MA
testified CA called her in Germany, where MA was visiting, and reported
being raped by appellant. MA did not believe her daughter because CA
previously reported, then recanted, a claim of sexual assault by another
individual. Nevertheless, MA told CA to call the police. The patrol
officer testified he responded to the call, approached CA, and she broke
down and cried intermittently for the entire two hours they were on the
scene together.

 Finally, the “evidence against appellant [was] so overwhelming and
[appellant’s] defense so incredible” as to make Ms. Travis’s inadmissible
testimony inconsequential. United States v. Velez, 22 M.J. 637, 640
(A.C.M.R. 1986). The defense case consisted principally of attacking CA’s
credibility, with several witneses, including members of CA’s family,
testifying she was a liar. The defense then attempted to explain the
presence of appellant’s sperm and DNA evidence in the victim’s vagina by
presenting evidence of CA recanting her allegations against appellant over
a year after the allegation first arose. MA testified CA explained to her,
“the only way that I can think of, that the DNA came out like that, because
I have been using your vibrator.” MA further testified she had sex with
appellant, followed by use of a penis-shaped vibrator, approximately a week
before the incident and put the vibrator back in its box without wiping it
off. We find this scenario utterly incredible and illogical, in part,
because none of MA’s DNA was recovered from the victim’s vagina.

 We find the improperly admitted hearsay testimony of Ms. Travis
harmless beyond a reasonable doubt. See generally United States v. Mason,
59 M.J. 416, 425 (C.A.A.F. 2004) (affirming in spite of constitutional
error given the “overwhelming” evidentiary strength of the DNA evidence);
cf. United States v. Saintaude, 61 M.J. 175, 182-83 (C.A.A.F. 2005) (no
prejudicial error to support a claim of ineffective assistance of counsel
where forensic evidence matched appellant’s sperm to material extracted
from a victim during sexual assault exam).

 On consideration of the entire record, including the assignments of
error and matters personally asserted by appellant pursuant to United
States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), the findings of guilty and
the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant was convicted of incest in violation of Article 134, Uniform
Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ]. Pursuant to
Rule for Courts-Martial 917, the military judge entered findings of not
guilty to rape and forcible sodomy offenses alleged as violations of
Articles 120 and 125, UCMJ.
[2] We note that neither CA nor appellant testified at trial.